**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **KEVIN M. BROWN, SR.,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 14-CV-0142-GKF-PJC |
| | ) |
| **JOE ALLBAUGH, Director,** | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court is the petition for writ of habeas corpus (Dkt. # 1) and brief in support (Dkt. #2), filed by Petitioner Kevin Brown, a state prisoner appearing pro se. Respondent filed a response (Dkt. # 12) and provided the state court records (Dkt. ## 12, 13, 14) necessary for adjudication of Petitioner's claims. Petitioner filed a reply to the response (Dkt. # 32). Petitioner also filed a motion for an evidentiary hearing (Dkt. # 40). Respondent filed a response to the motion (Dkt. # 41). Petitioner did not file a reply. For the reasons discussed below, the Court denies the motion for an evidentiary hearing and denies the petition for writ of habeas corpus.

*BACKGROUND*

The facts of the case, as determined by the Oklahoma Court of Criminal Appeals (OCCA) in an unpublished opinion, Case No. F-2011-407, are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner fails to make the necessary showing. Therefore, the following factual summary by the OCCA is presumed correct:

> Six businesses were robbed in Tulsa between February 13 and March 17 of 2010. The businesses included a Kum N Go convenience store, a Wal-Mart, a Bank of Oklahoma branch located in a Food Pyramid grocery store, a La Quinta Inn, and two Check N Go payday loan offices. Employees of these different businesses identified Brown in pre-trial photo lineups and at trial. On March 12th, during one of the Check N Go robberies, Brown presented a note demanding money. The note was written on the front of a loan application that was dated and signed "Kevin

> Brown" on the back.  Employees from each of the different businesses, except the Bank of Oklahoma, testified that Brown had a silver or chrome handgun. One Check N Go employee described the handgun as silver or chrome, possibly with a wood grained butt.
>
> On March 31, Detective Eric Spradlin had an arrest warrant for Brown.  At approximately 5:00 p.m. Spradlin saw Brown driving on a highway near Brown's mother's home.  Spradlin pursued Brown and was joined in the pursuit by Sergeant Luke Sherman.  Both officers activated their vehicles' emergency lights and sirens. Brown eventually stopped his car and was taken into custody around 5:46 p.m.
>
> During the chase, Sergeant Sherman saw Brown throw a chrome object out of the driver's side window of his car.  Sherman continued the pursuit without stopping, but reported the object's location on the police radio.  Corporal Darin Filak responded to the location and found a silver gun on the sidewalk.  Detective Demeta Kinard joined Filak and recovered the gun.

(Dkt. # 12-3 at 2-3).

The State charged Petitioner with five counts of Robbery with a Firearm (Counts 1, 2, 5, 6, 7, and 8); two counts of Possession of a Firearm, After Former Conviction of a Felony (Counts 3 and 9); First Degree Robbery (Count 4); and Attempting to Elude (Count 10), in Tulsa County District Court, Case No. CF-2010-1191. See Dkt. # 12-1 at 2.  The trial court granted the State's motion to dismiss Count 5 before the presentation of evidence. Id.  At the conclusion of a two stage trial, the jury found Petitioner guilty of all counts. Dkt. # 12-3 at 1.  The jury recommended sentences of life imprisonment and a $10,000.00 fine on each of Counts 1, 2, 4, 6, 7, and 8; life imprisonment and a $5,000.00 fine on each of Counts 3 and 9; and one year imprisonment and a $2,000.00 fine on Count 10. Id.  The trial judge sentenced Petitioner in accordance with the jury's recommendations and ordered the sentences to run consecutively. Id. at 1-2.  Attorneys Thomas Griesedieck and Marny Hill represented Petitioner at trial. Id. at 13.

Petitioner perfected a direct appeal to the Oklahoma Court of Criminal Appeals (OCCA). See Dkt. # 12-1.  Attorney Richard Couch represented Petitioner on appeal.  Dkt. # 12-3 at 13. Petitioner raised three (3) propositions of error, as follows:

2

| | |
|---|---|
| Proposition 1: | The trial court erred at sentencing when it permitted the conviction and punishment of Appellant twice in Counts Three and Nine for possessing the same firearm after former conviction of two or more felonies. |
| Proposition 2: | The Appellant was deprived of effective assistance of counsel. |
| Proposition 3: | Appellant's sentence is excessive and constitutes cruel and unusual punishment. |

(Dkt. # 12-1). Petitioner also filed a pro se supplemental brief. See Dkt. # 12-3 at 10. According to the OCCA's opinion, Petitioner raised two (2) propositions of error in his pro se supplemental brief, as follows:

| | |
|---|---|
| Proposition 1: | The State failed to disclose exculpatory evidence that the Tulsa police investigators involved in his case were the subject of a corruption investigation. |
| Proposition 2: | The trial court erred by sealing the record of the discovery hearing and that trial counsel's failure to object to the sealing constituted ineffective assistance of counsel. |

(Id.). In an unpublished summary opinion, entered April 29, 2013, in Case No. F-2011-407, the OCCA affirmed the trial court's judgments and sentences on Counts 1-4, 6-8, and 10 and reversed on Count 9. Id. at 12. The OCCA also vacated its prior grant of Petitioner's "Request to File Pro Se Supplemental Brief" as improvident and denied Petitioner's "Request to File Pro Se Supplemental Brief." Id. at 1, 12.

Petitioner next filed an application for post-conviction relief. See Dkt. # 12-6. After the state district court denied relief, Petitioner appealed to the OCCA. The OCCA set forth Petitioner's five (5) propositions of error, as abstracted by the state district, as follows:

| | |
|---|---|
| Proposition 1: | [A]ppellate counsel was ineffective by not raising issues surrounding corruption investigations of Tulsa Police Officers who Petitioner believed were involved in his case. |

3

| | |
|---|---|
| Proposition 2: | [I]neffective assistance of trial counsel in not making the State disclose exculpatory evidence or challeng[ing] the sealing of discovery proceedings. |
| Proposition 3: | [T]he District Attorney was without authority to file the Information against Petitioner because he had accepted . . . appointment as an Assistant Special Deputy U.S. prosecutor for the Northern District of Oklahoma. [T]he District Attorney withheld Brady materials. [T]he Information contained conclusory statements, hearsay, and was not verified by a judge. [T]he process employed in creating the jury pool unconstitutionally excluded eligible jurors. |
| Proposition 4: | Petitioner had a new witness and expert to prove his ineffective assistance claims. . . . [A] new U.S. Supreme Court decision existed affecting after [sic] former convictions. . . . [T]he trial court was without jurisdiction to proceed to trial because of pending discovery motions. . . . [A] violation of Petitioner's right to a speedy trial required dismissal of charges. . . . [T]he jury was required to sentence Petitioner to a term of between 18 and 60 years because of the legislative definition of "life." |
| Proposition 5: | [A]ppellate counsel refused to raise a claim of prosecutorial misconduct in the State withholding . . . Brady materials that would have impeached police testimony because of the Federal Grand Jury investigation of Tulsa Police corruption at the time. . . . [T]he prosecutors [sic] opinions during trial and closing statements amounted to "testimony" violating rights to trial. |

(Dkt. # 12-5 at 2-3 (citations and internal quotation marks omitted)). The OCCA determined that Petitioner "has not shown error in the District Court's denial of his Application or its accompanying motion to vacate," and, for that reason, affirmed the district court's denial of Petitioner's application. Id. at 8.

Petitioner then filed a federal petition for writ of habeas corpus and a brief in support. Dkt. ## 1, 2. Although the petition and brief are not models of clarity, the Court has synthesized and

4

renumbered Petitioner's claims, as presented in his petition and supporting brief, and identifies five grounds of error, as follows:

| | | |
|---|---|---|
| Ground 1: | | Petitioner's trial counsel was ineffective for failing to raise issues of corruption within the Tulsa Police Department. |
| Ground 2: | | The prosecutor failed to disclose information regarding corruption in violation of Brady. |
| Ground 3: | | Petitioner's appellate counsel was ineffective for failing to raise the Brady issue referenced in Ground 2. |
| Ground 4: | | Petitioner's sentence was excessive and constituted cruel and unusual punishment. |
| Ground 5: | | The prosecutor was without authority to prosecute Petitioner because he was appointed as an Assistant Special Deputy U.S. [Attorney] for the Northern District of Oklahoma. |

(See Dkt. ## 1, 2).

*ANALYSIS*

**A.    Petition for Writ of Habeas Corpus**

    **1.    Exhaustion**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner presented Grounds 1-5 to the OCCA on direct appeal or in his application for post-conviction relief. Therefore, Petitioner has exhausted his state court remedies as to those claims.

    **2.    Claims Presented in Petition for Writ of Habeas Corpus**

        **a.    Claim Adjudicated by the OCCA (Ground 4)**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state

convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 102-03 (2011); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citation omitted). The petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. (citation and internal quotation marks omitted); see Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013).

Generally, a federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing it is not the province of a federal habeas court to reexamine state court determinations on state law questions). When conducting habeas review, a federal court is limited to deciding whether a

conviction violated the Constitution, laws, or treaties of the United States. Id. at 68 (citations omitted).

As his fourth proposition of error, Petitioner alleges his sentences are excessive and constitute cruel and unusual punishment. See Dkt. # 1 at 5. Petitioner received seven life sentences, a one year sentence, and $72,000 in fines. See Dkt. # 12-3 at 9. On direct appeal, the OCCA denied relief on this claim, finding the sentences were within the applicable statutory range and were not "shocking to the conscience of this Court." Id. at 10.

A habeas court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Federal habeas review generally ends "once we determine the sentence is within the limitation set by statute." Id. In this case, Petitioner's sentences were all within the sentencing ranges for the crimes charged, as established under Oklahoma law. There is no basis for habeas relief based on the length of Petitioner's sentences. The Court denies habeas relief on Ground 4.

    **b. Procedural Bar (Grounds 1-3, 5)**

Petitioner alleges in Ground 1 that his trial counsel was ineffective for failing to raises issues related to an investigation of Tulsa Police Department officers for corruption. In Ground 2, Petitioner alleges that the prosecutor failed to disclose Brady material, and in Ground 3, he alleges that his appellate counsel was ineffective for failing to raise a claim based on the alleged Brady violation. Additionally, in Ground 5, Petitioner avers that the prosecutor lacked authority to file an information against him.

Petitioner attempted to present Grounds 1 and 2 to the OCCA in a pro se supplement to his direct appeal, but the OCCA, relying on Rules 3.4(E) and 3.5(A)(5), Rules of the Oklahoma Court of Criminal Appeals, denied Petitioner's request to file the pro se supplement. Petitioner presented Grounds 1-3 and 5 to the state district court in an application for post-conviction relief. See Dkt. # 12-6. The district court denied Petitioner's application, see Dkt. # 12-4 at 20-26, and noted that "Petitioner fail[ed] to name one officer involved in his case that supposedly was '. . . the subject of a corruption investigation," failed to "identify what 'exculpatory evidence' the State failed to disclose," and failed to "explain how his 'discovery hearing' was 'sealed' in his case." Id, at 22.

Petitioner appealed the denial of his application and attempted to address the deficiencies in his application. See id. at 1-18. In resolving Petitioner's post-conviction appeal, the OCCA imposed a procedural bar on the claims, stating that Petitioner "adds new assertions and arguments concerning his post-conviction claims and new references to documents." Dkt. # 12-5 at 7. The OCCA found that pursuant to Rule 5.2(A), Rules of the Oklahoma Court of Criminal Appeals, "this Court will not consider material that was not presented first to the District Court for adjudication" and "this Court will not address claims of error on appeal on grounds different from those raised below." Id.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of the claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see Maes v. Thomas, 46 F.3d 979, 985 (10th Cir.1995); Gilbert v. Scott,

941 F.2d 1065, 1067-68 (10th Cir.1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "in the vast majority of cases." Id. at 986 (citation omitted).

Applying the principles of procedural bar to this case, the Court concludes Grounds 1-3 and 5 are procedurally barred. The OCCA's procedural bar, based on Petitioner's failure to first present Grounds 1-3 and 5 – as presented to the OCCA on post-conviction appeal – to the district court, is an "independent" state ground because state law provided "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. The "independent" state ground must also be "adequate" to preclude federal habeas review. Although the Tenth Circuit has not addressed whether Rule 5.2(A) is adequate to preclude review, the Tenth Circuit has concluded that a similar provision of the Rules of the Oklahoma Court of Criminal Appeals, Rule 5.2(C), is independent and adequate for procedural purposes. Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir. 1998); see Hyatt v. Rudek, No. Civ-10-1396-F, 2011 WL 3348225 at *3 (W.D. Okla. June 28, 2011) (concluding that, while it "has not found any case law directly addressing application of this rule [5.2(A)]," the rule was adequate based on the Tenth Circuit's treatment of Rule 5.2(C)). The Court concludes that Rule 5.2(A) is a state ground adequate to preclude review as the OCCA routinely bars claims that were not first presented to the state district court before being raised on appeal.

Habeas review of Grounds 1-3 and 5 is precluded, therefore, unless Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. The cause standard requires a petitioner to "show that some

objective factor external to the defense impeded . . . efforts to comply with the state's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. See id. Petitioner does not allege that any external factor impeded his efforts to comply with the state's procedural rules. Therefore, The Court finds Petitioner has failed to demonstrate "cause" sufficient to overcome the procedural bar.

The fundamental miscarriage of justice exception to the doctrine of procedural bar is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see Schlup, 513 U.S. 298. Petitioner does not claim he is actually innocent. Therefore, the fundamental miscarriage of justice exception is inapplicable to this case.

As Petitioner fails to show cause and prejudice or a fundamental miscarriage of justice, Grounds 1-3 and 5 are procedurally barred and denied on that basis.

**B.     Evidentiary Hearing**

Petitioner filed a motion requesting "this Court to conduct a hearing to allow him the opportunity to present new evidence not reflected in the record" and avers that "[t]he defendant lawyer request [sic] the discovery [] but the judge seal [sic] it up." See Dkt. # 40 at 1-2. As the disposition of Petitioner's habeas corpus petition does not require reference to any materials beyond those that are available and currently part of the record, the Court finds there is no need for an evidentiary hearing or discovery in this case. Schriro v. Landrigan, 550 U.S. 465, 474 (2007). There are no disputed factual questions remaining that could possibly entitle Petitioner to habeas corpus relief. He has failed to demonstrate the need for an evidentiary hearing under either 28

U.S.C. § 2254(e)(2), or any other governing principle of law. Williams v. Taylor, 529 U.S. 420 (2000). Accordingly, Petitioner's requests for an evidentiary hearing is denied.

**C.     Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes a certificate of appealability should not issue. Nothing suggests this Court's application of AEDPA standards to the OCCA's decision is debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 937-38 (10th Cir. 2004). As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., the Court's ruling resulting in the denial of the petition on procedural grounds is debatable. The Court denies a certificate of appealability.

## *CONCLUSION*

The Court denies Petitioner's motion for an evidentiary hearing. After careful review of the record, the Court concludes that Petitioner has not established he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's motion for an evidentiary hearing (Dkt. # 40) is **denied**.

2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

3. A certificate of appealability is **denied**.

4. A separate Judgment shall be entered in this case.

**DATED** this 18th day of August, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT